UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM L. NETTING, JR.,

       Plaintiff,

v.                              Case No.  5:19-cv-119-TKW/MJF

SECRETARY DEPT. OF CORRECTIONS,
et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

The clerk of the court referred this case to the undersigned upon Plaintiff's response to the undersigned's order to show cause and motion for leave to proceed *in forma pauperis*. (Docs. 8, 9). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. For the reasons set forth below, the undersigned recommends that this action be dismissed for failure to state a claim upon which relief can be granted.[1]

---

[1] The case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Page 1 of 10

## I.    Background

Plaintiff—while an inmate at the Holmes Correctional Institution— commenced this action pursuant to 42 U.S.C. § 1983 against three Defendants: (1) the Secretary of the Florida Department of Corrections; (2) Warden Summers; and (3) Officer John White. (Doc. 1 at 2-3). Plaintiff alleges that the Defendants violated his due process rights.

On August 24, 2018, Plaintiff was transferred from the Holmes Correctional Institution Main Unit to the Holmes Correctional Institution workcamp. Plaintiff alleges that Officer White inventoried and impounded Plaintiff's colored pencils. Plaintiff informed Officer White that he wished to send the pencils home, but Officer White purportedly failed to issue an impounded personal property list. (Doc. 1 at 13).

On September 15, 2018, Plaintiff filed a grievance asking that his colored pencils be sent home. This grievance allegedly was not answered. On September 16, 2018, Plaintiff filed a grievance and requested an impounded personal property list showing that his colored pencils had been impounded by Officer White. This grievance was returned with a copy of an impounded personal property list. Plaintiff sent an additional grievance requesting that the colored pencils be sent home, which was unanswered. Plaintiff alleges that his digital radio and a bowl with a lid also were subsequently impounded.

On October 3, 2018, Plaintiff was transferred back to the Holmes Correctional Institution Main Unit. Plaintiff alleges that his impounded property was not transferred to Holmes Correctional Institution in accordance with the FDOC's policy. On October 19, 2018, Plaintiff filed a formal grievance that purportedly was not answered. Plaintiff filed several additional grievances regarding his property. Plaintiff seeks injunctive relief against the Defendants and $105.00.

## II.    Standard

Although Plaintiff apparently was released from custody, this court still must conduct a 28 U.S.C. § 1915(e)(2)(B)(ii) review, which allows a district court *sua sponte* to dismiss a complaint that fails to state a claim for relief. *See* 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court must accept all well-pleaded factual allegations of the complaint as true and evaluate all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965; *see also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21 (2007) (reiterating that principle).

## III.   Discussion

Plaintiff alleges that his due process rights were violated because the Defendants deprived him of personal property and failed to follow the FDOC's grievance procedure. Both claims should be dismissed.

### A.   <u>Deprivation of Personal Property</u>

To succeed on a § 1983 claim, a plaintiff must establish "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under the color of state law . . . ." *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016) (citing *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005)).

The Due Process Clause of the Fourteenth Amendment encompasses two components, a substantive component and a procedural component. The substantive component of the Due Process clause protects only "fundamental" rights. *See McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (citing *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S. Ct. 149, 152 (1937)). A violation of substantive due process occurs when an individual's fundamental rights are infringed, regardless of the fairness of the procedure. *McKinney*, 20 F.3d at 1556. Thus, analysis of a substantive due process claim must begin by crafting a careful description of the asserted right. *Doe v. Moore*, 410 F.3d 1337, 1343 (11th Cir. 2005). Then, the court must determine whether the asserted right is "deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice

Page 5 of 10

would exist if they were sacrificed." *Id.* (quotations omitted) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720-21, 117 S. Ct. 2258, 2268 (1997)). Notably, "areas in which substantive rights are created only by state law . . . are not subject to substantive due process protection . . . because substantive due process rights are only created by the Constitution." *McKinney*, 20 F.3d at 1556. Such state law-based rights can be rescinded "so long as the elements of procedural—not substantive— due process are observed." *Id.*

Property interests are created and defined by state law rather than the Constitution. *See Greenbriar Village, L.L.C. v. Mountain Brook City*, 345 F.3d 1258, 1262 (11th Cir. 2003) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972)). Currently, personal property rights are not considered fundamental rights, and thus are not entitled to substantive due process protection. *See Greenbriar Village, L.L.C.*, 345 F.3d at 1262-63 ("[N]on-legislative deprivations of state-created rights . . . cannot support a substantive due process claim."); *see also Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229, 106 S. Ct. 507, 515 (1985) (Powell, J. concurring) ("While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution . . . substantive due process rights are created only by the Constitution."). Accordingly, Plaintiff has not stated a claim for any violation of substantive due process.

With regard to the procedural component of the Due Process Clause, a prisoner must show there was "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994). The Supreme Court has unequivocally held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of . . . property." *Daniels v. Williams*, 474 U.S. 327, 330-31, 106 S. Ct. 662, 664 (1986). Additionally, the Supreme Court has explained that even an authorized intentional deprivation of property by a state actor does not constitute a violation of the procedural requirement of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204 (1984).

Under Florida law, a person may file a tort action in state court to recover damages for destruction of property. *See* Fla. Stat § 768.28 (2011); *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009). The existence of section 768.28 provides Plaintiff with a meaningful post-deprivation remedy to challenge the loss of property caused by intentional conduct by a state actor. *Case*, 555 F.3d at 1331 ("We have recognized that 'a civil cause of action for wrongful conversion of personal property' under state law is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers.") (quoting *Lindsey v.*

*Storey*, 936 F.2d 554, 561 (11th Cir. 1991)). Therefore, Plaintiff's constitutional claims concerning the loss or deprivation of his property are foreclosed and he has failed to state a claim upon which relief can be granted. *See Jackson v. Hill*, 569 F. Appx. 697, 698 (11th Cir. 2014) ("The district court did not abuse its discretion when it dismissed as frivolous Jackson's claim about the destruction of his property . . . Jackson cannot claim that he has been deprived of due process when he has available an adequate post deprivation remedy under state law.").

**B.      Alleged Failure to Follow the Florida Grievance Procedure**

Plaintiff also contends that Defendants have violated his due process rights by not following the FDOC's procedures for responding to Plaintiff's grievances.

The Eleventh Circuit has held that the provision of an administrative grievance process, including appeals, is not constitutionally mandated beyond the protections guaranteed by *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963 (1974) and its progeny. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (holding that prisoners have no constitutionally protected liberty interest in having access to prison grievance procedures); *see also Fla. Dep't of Corr.*, 578 F. App'x 836, 839 (11th Cir. 2014) (holding that allegations that a prison mishandled grievance procedures failed to state a due process violation because prisoners have no constitutionally protected liberty interest in access to prison grievance procedures); *Moore v. McLaughlin*, 569 F. App'x 656, 659 (11th Cir. 2014) (holding

that a prisoner had no constitutionally protected liberty interest in access to a prison's grievance procedure); *Mathews v. Moss*, 506 F. App'x 981, 984 (11th Cir. 2013) (holding that allegations that prison grievances were either ignored or wrongly decided, or that prison officials did not properly follow grievances procedures, failed to state a constitutional violation). Thus, a prisoner fails to state a federal Due Process violation by alleging that prison officials failed to respond to or mishandled an appeal of a grievance.

Because Plaintiff's only contention is that the Defendants ignored his grievances or wrongly denied the grievances, (Doc. 1 at 15-18), Plaintiff has failed to state a claim for denial of due process. *Moore*, 569 F. App'x at 659.

## C.     **Futility of Any Amendment**

Ordinarily, a party may amend his pleading once as a matter of course, but the court need not allow amendment if it would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In the present case, there are no set of facts that Plaintiff could allege that would entitle Plaintiff to relief for the deprivation of his personal property insofar as there is a meaningful post-deprivation remedy available to Plaintiff. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204 (1984). Similarly, there are no facts that Plaintiff could allege that would entitle Plaintiff to relief for the Defendants' alleged failure to comply with the FDOC grievance procedures.

## IV.    Conclusion

Plaintiff's motion to proceed *in forma pauperis* (Doc. 9) is **GRANTED.**

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.      This action be **DISMISSED** with prejudice for Plaintiff's failure to state a claim upon which relief may be granted.

2.      The clerk of the court be directed to close the case file.

At Panama City Beach, Florida, this 30th day of September, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.